**Edward MANISH et ux.**

v.

**Leonard A. POTVIN et ux.**

**No. 81–381–Appeal.**

Supreme Court of Rhode Island.

March 14, 1984.

Robert R. Afflick, West Warwick, for plaintiffs.

Jeffrey C. Schreck, Edwards & Angell, Providence, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a partial summary judgment entered in the Superior Court in favor of the defendants. The action involves a dispute concerning a right-of-way alleged by the plaintiffs to be appurtenant to their estate as well as to that of the defendants. The defendants alleged the right-of-way to be appurtenant only to their estate. The trial justice agreed as a matter of law with the defendants. We remand for an evidentiary hear-

ing. The facts pertinent to this appeal are as follows.

The property presently owned by plaintiffs (Manish property) was conveyed to Wilfred E. Mineau by Jennie M. Westcott on June 28, 1941, and on July 20, 1942, in two separate conveyances. On December 29, 1955, the Narragansett Electric Company conveyed to Wilfred E. Mineau and Florence E. Mineau, husband and wife, as joint tenants, a parcel of real estate that later became defendants' property (Potvin property).[1] As part of this conveyance, Narragansett granted to the Mineaus the following express easement:

"Together with the right to pass and repass over a strip of land 15 feet in width, extending N. 41° 03′ W. from other land of the Grantees indicated on said Plan to said New London Avenue and shown on said Plan as 'right-of-way'; together also with the right to take water by means of a pipe or otherwise from an artesian well located on other land of the Grantor situated Southwest of the above-conveyed premises and shown on said Plan as 'Well'."

The instant dispute concerns not the well but the use of the right-of-way. It is admitted that the Potvins blocked the right-of-way (even though it is located on land owned by the Narragansett Electric Company) on the theory that they had the right to deny access to such right-of-way to plaintiffs. The plaintiffs sought a permanent injunction prohibiting defendants from interfering with their use of the right-of-way and also sought injunctive relief against the diversion of runoff waters by the Potvins onto plaintiffs' property. This latter element of the action was not decided on motion for summary judgment but was reserved for a later evidentiary hearing.

The trial justice granted partial summary judgment in respect to the right-of-way at the instance of defendants on the ground that the interpretation of the deeds involved solely a question of law; he further determined that there were no disputed issues of fact. In his rescript the trial justice held that the right-of-way granted by Narragansett was appurtenant only to the tract conveyed by it to the Mineaus and later conveyed by them to defendants (the Potvin property). In making this determination, the trial justice made a very significant observation:

"In presenting their arguments to the Court both counsel have assumed a stronger case on behalf of the plaintiffs than the certified copies of the deeds would indicate. Counsel representing the parties have argued as though the original deeds of the 'Manish Property' to the Mineaus were conveyances to Wilfrid [sic] E. and Florence E. Mineau, his wife. Such was not the fact. *It may well be that at some future time that Wilfrid* [sic] *conveyed the so-called 'Manish Property' to himself and his wife or that the New England Power Service Company of Boston, Massachusetts erroneously concluded that the Manish property in 1955 stood in the name of Wilfrid* [sic] *and his wife, Florence.* Even assuming that such was a fact, the problem raised is not how the Mineaus used the right-of-way which they received from the Narragansett Electric Company, but rather to what conveyance of land is that right appurtenant." (Emphasis added.)

■ The law relating to the creation of an easement appurtenant has been reasonably well settled in Rhode Island. Normally an easement is presumed to be appurtenant to land owned by the grantee or grantees of said easement or to land owned by grantors in case of an easement reserved. *See Thomas v. Ross,* 119 R.I. 231, 240, 376 A.2d 1368, 1373 (1977); *Sullivan Granite Co. v. Vuono,* 48 R.I. 292, 295, 137 A. 687, 688 (1927). In the event that the entire property of the Mineaus constituted

---

1. The Potvin property was conveyed to Leonard and Theresa Potvin as joint tenants by deed of Florence Mineau and Dorothy A. Godreau dated November 25, 1977. The Manish property was conveyed to Edward and Norma Manish as tenants by the entirety by deed of the same grantors dated June 23, 1978.

a single estate, the easement would have been appurtenant to the dominant estate as an entirety and not solely for the benefit of a particular part thereof. *Crawford Realty Co. v. Ostrow*, 89 R.I. 12, 19, 150 A.2d 5, 9 (1959).

> "Once an easement appurtenant has been established it becomes an incident of possession of the dominant tenement and it passes automatically with any effective transfer of the land. 2 American Law of Property § 8.71, p. 282; 3 Tiffany, Real Property (3d ed.) § 761, p. 212." *Id.* at 19, 150 A.2d at 9.

This court has also held that when a dominant estate is subdivided between two or more owners, the easements appurtenant to such estate are themselves subdivided and attached to each separate part of the subdivided dominant tenement unless this result is specifically prohibited by the terms of the conveyance of the easement. *Id.* at 19, 150 A.2d at 9. As a consequence, the benefit of the right-of-way would pass automatically with any effective transfer of a portion of the dominant estate. *See Thomas v. Ross,* 119 R.I. at 240–41, 376 A.2d at 1373.

Therefore, plaintiffs argue that when the dominant estate was conveyed in two parcels—the Manish property on June 23, 1978, and the Potvin property on November 25, 1977—both conveyances were effective in transferring to each parcel the easement earlier granted by Narragansett. It should be noted that in each instance the conveyance of the Manish property and of the Potvin property was made by Florence Mineau and Dorothy A. Godreau. It is suggested by counsel for defendants that Florence inherited the interest of Wilfred E. Mineau and that Dorothy was the daughter of the Mineaus. There is no evidence in the record (documentary or otherwise) in support of this assertion.

The difficulty with plaintiffs' argument is that the state of the record title submitted to the trial justice does not support the assertion that the Manish property and the Potvin property constituted a single estate of their grantor and thus a single

dominant tenement at the time of the conveyance of the easement by Narragansett.

It has been stated that an easement can become legally attached to the dominant estate only if the same person or persons have unity of title to both the way and the dominant estate. *See, e.g., Curtin v. Franchetti,* 156 Conn. 387, 242 A.2d 725 (1968); *Lindenmuth v. Safe Harbor Water Power Corp.,* 309 Pa. 58, 163 A. 159 (1932). The record before this court indicates that the Narragansett conveyance of the right-of-way was made to Wilfred and Florence Mineau as joint tenants as part of the Potvin conveyance. However, the Manish property, as far as the evidence shows, was conveyed to Wilfred Mineau alone. Consequently, there apparently was no unity of title between the two tracts.

■ However, the trial justice suggested, perhaps on the basis of the assumption of counsel, that there may have been a conveyance by Wilfred Mineau to himself and his wife at a later time. The record does not disclose whether counsel's assumption is correct or otherwise. The trial justice seemed to suggest that it would not make any difference. With this conclusion we respectfully disagree. In the event that the Potvin property was added to a unified dominant estate, we believe that such an estate in its entirety would have received the benefit of the right-of-way; and if the dominant estate was later divided, the owner or assignee of any portion of the dominant estate might claim the easement so far as it is applicable to his part of the property as long as an unreasonable burden is not imposed upon the servient estate. *See Barbaresos v. Casaszar,* 325 Mich. 1, 8, 37 N.W.2d 689, 693 (1949); *von Meding v. Strahl,* 319 Mich. 598, 611, 30 N.W.2d 363, 370 (1948). Such a result would occur without the necessity of a specific mention of the term "appurtenances." 3 Tiffany, *The Law of Real Property* § 761 at 212–13 (3d ed. 1939). This construction is mandated by G.L.1956 (1969 Reenactment) § 34–11–28, which provides:

"In any conveyance of real estate all rights, privileges and appurtenances belonging or appertaining to the granted estate shall be included in the conveyance, unless a different intention shall clearly appear in the deed, and it shall be unnecessary to enumerate or mention them either generally or specifically."

We have often stated that where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment properly issues. *Saltzman v. Atlantic Realty Co.,* R.I., 434 A.2d 1343, 1344–45 (1981). However, we have also stated that the purpose of summary-judgment analysis is issue finding, not issue determination. *Id.,* 434 A.2d at 1345; *Industrial National Bank v. Peloso,* 121 R.I. 305, 307, 397 A.2d 1312, 1313 (1979); *O'Connor v. McKanna,* 116 R.I. 627, 633, 359 A.2d 350, 353–54 (1976).

The affidavits in the case at bar, as well as the pleadings, set forth that there was a common source of title between the Potvin and the Manish properties. The trial justice was correct in his finding that the deeds submitted did not bear out this common source, at least as of the date of the Narragansett conveyance. Having found that this was an unanswered question of fact, the trial justice then resolved that question on the basis of the deeds before him, even though he conceded that there may have been a later change in the status of the title. We are of the opinion that this granting of summary judgment was not in accordance with the court's observations in *Slefkin v. Tarkomian,* 103 R.I. 495, 238 A.2d 742 (1968) wherein it was suggested that even a somewhat slim showing of an issue of fact would be sufficient to defeat a motion for summary judgment. *See id.* at 498, 238 A.2d at 743–44. We are therefore of the opinion that the plaintiffs are entitled to an evidentiary hearing concerning the state of the title of the Manish property as of the date of the conveyance by Narragansett. It is obvious from Narragansett's deed and its accompanying map that Narragansett's engineers were of the opinion (perhaps erroneously) that the Manish property was at that time held by Wilfred Mineau and his wife, Florence. If this was the fact, the outcome of this litigation would be significantly affected thereby.

For the reasons stated, the plaintiffs' appeal is sustained and the papers in the case are remanded to the Superior Court for further proceedings in accordance with this opinion.