Celma G. GREENWALD et al.

v.

SELYA & IANNUCCILLO, INC. et al.

No. 83–228–Appeal.

Supreme Court of Rhode Island.

April 25, 1985.

Reargument Denied May 31, 1985.

Harold H. Winsten, Richard D. Boriskin, Bruce Hodge, Feiner & Winsten, Providence, for plaintiffs.

Anthony G. Iannuccillo, Iannuccillo & Hines, Inc., Providence, for defendants.

OPINION

MURRAY, Justice.

This is the plaintiffs' appeal from the entry of partial summary judgment in the defendants' favor pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure. Judgment was entered on March 17, 1983, and an appeal was filed by the plaintiffs on April 4, 1983.

The plaintiffs, Celma G. Greenwald and William J. Trambukis, are co-executors of the will of Martin L. Greenwald, and Celma C. Greenwald is the testator's widow suing in her individual capacity. The defendants are the professional corporation of Selya & Iannuccillo, Inc., Restoration Realty Associ-

ates, a co-partnership, and Bruce M. Selya and Anthony G. Iannuccillo in their individual capacities. Restoration Realty Associates (hereinafter Restoration) is a co-partnership that was formed in June of 1977 by Bruce M. Selya, Anthony G. Iannuccillo, and Martin L. Greenwald for purposes of ownership and control of real estate located in Providence, Rhode Island.

The dispute in the instant case involves an alleged breach of the terms of the partnership agreement of Restoration regarding the deceased partner's interest upon death. The relevant language in the partnership agreement provides for the following:

> Article 20: "Upon the death of a partner, the partnership shall purchase and the estate of a deceased partner shall sell deceased partner's entire interest in the partnership * * *."

> Article 22: "[U]pon the death of a partner, the surviving partners shall have the option * * * whether or not to continue the partnership business * * * and this, notwithstanding any other provision hereof."

A third relevant section, article 18, provides that the agreement is "binding upon, and shall inure to the benefit of each of the parties hereto and upon their respective heirs, executors, administrators, legal representatives and assigns."

The death of the co-partner, Martin L. Greenwald, occurred on February 18, 1980. The two surviving partners, in accordance with article 20 of the agreement, offered to purchase the deceased partner's entire interest in Restoration for a sum to have been determined in accordance with the terms set out in the agreement. However, the executors of the Greenwald estate refused to sell the interest in the partnership and commenced this suit instead. The surviving partners purport to have been, and remain to date, ready, willing, and able to comply with article 20 of the partnership agreement. It is clear that article 20 is the controlling provision in the event of death of a co-partner, and if the option under article 22 is not exercised (as in the instant case), article 20 governs.

There are two issues presented to us on appeal. The first issue is (1) whether the trial justice erred in not allowing plaintiffs to conduct discovery prior to ruling on defendant's motion for partial summary judgment and (2) whether the trial justice erred in granting partial summary judgment.

The plaintiffs assert that merely twelve days subsequent to the trial justice's grant of a continuance to plaintiffs, he inconsistently granted defendants' motion for partial summary judgment, which resulted in impeding plaintiffs' discovery. Furthermore, plaintiffs claim that without proper discovery, they could not present facts sufficient to oppose defendants' motion for partial summary judgment. Thus, they argue now that the trial justice should have refrained from ruling on the motion until they could conduct proper discovery.

■ It is a well-established principle that discovery matters are entrusted to a trial justice's discretion. *Castle v. Sherburne Corp.*, 141 Vt. 157, 163, 446 A.2d 350, 353 (1982). In addition, Rule 56(f) clearly reflects this general principle in its employment of the word "may" regarding the court's option to permit discovery or to entertain or refuse an application for summary judgment.

■ The trial justice acted well within his discretion in granting defendants' motion for partial summary judgment and in denying plaintiffs' discovery request. Since he determined that the relevant language in the partnership agreement was clear and unambiguous, he did not see the need to resort to other means of interpretation. It is a common principle that in situations in which the language of a contractual agreement is plain and unambiguous, its meaning should be determined without reference to extrinsic facts or aids. *See Chemical Construction Corp. v. Continental Engineering, Ltd.*, 407 F.2d 989 (5th Cir.1969).

**990**

When there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment properly lies. However, the stated purpose of summary-judgment analysis is issue finding, not issue determination. *Manish v. Potvin*, R.I., 472 A.2d 1220, 1223 (1984); *Saltzman v. Atlantic Realty Co.*, R.I., 434 A.2d 1343, 1344–45 (1981). Applying this standard to the instant facts, we find it clear that the trial justice could easily have concluded that no genuine issues of material fact existed in light of the unambiguous nature of the relevant provisions in the partnership agreement. Upon review, this court uses the same standard as the trial court regarding summary judgment. Since plaintiffs merely stated conclusionary statements in their affidavit in opposition to defendants' motion and since the relevant terms of the partnership agreement are clear and unambiguous, we conclude that its interpretation did not require extrinsic evidence for purposes of clarification.

The second issue presented is whether the trial justice erred in denying plaintiffs' motion to compel production of the partnership books and records.

The plaintiffs argue that relevant authority states that business records kept in the ordinary course of business are discoverable and that G.L.1956 (1969 Reenactment) § 7–12–3 mandates that the administrator of the estate of a partner may enter upon the premises to examine the books of a partnership.

We conclude that although plaintiffs' assertions may be accurate legal assertions, they do not justify or mandate production of these specific records in the instant factual context. Pursuant to statutory and case law, matters of discovery are entrusted to the sound discretion of the trial court. In addition, discoverable material must be both relevant and nonprivileged. Rules 26(b)(1) and 34. Furthermore, plaintiffs did not bring an action seeking an accounting; they brought a contract action. It was within the trial justice's discretion to conclude that the partnership books were irrelevant to the contract action brought.

We conclude that the trial justice was justified in all of his actions in light of the clear and unambiguous nature of the controlling articles contained in the partnership agreement regarding a deceased partner's interests. Furthermore, the plaintiffs' affidavit in opposition to the defendants' motion for summary judgment did not contain any statement of disputed fact relevant to the enforceability of the partnership agreement.

We affirm the judgment of the trial justice. The plaintiffs' appeal is therefore denied and dismissed.

WEISBERGER, J., did not participate.