Joyce KELVEY, Individually and
as Parent and Next Friend of
Benjamin Kelvey, a minor

v.

John COUGHLIN, M.D. et al.

No. 92–432–M.P.

Supreme Court of Rhode Island.

May 28, 1993.

E. Paul Grimm and Robert Baker, Decof & Grimm, Providence, for plaintiff.

David W. Carroll, Roberts, Carroll, Feldstein & Peirce, Thomas Gidley, Gidley, Sarli & Marusak, Jay M. Elias and William F. White, Tate & Elias, Providence, for defendant.

OPINION

SHEA, Justice.

This matter was brought before the Supreme Court by the petition of the defendant, John Coughlin (Coughlin), for the issuance of a writ of certiorari to review an order of the trial justice ordering Coughlin to resubmit to an oral deposition.[1] We deny the petition and remand with directions.

This case is still in the pretrial discovery stage. Coughlin is a defendant in a civil action pending in the Providence County Superior Court. The action is one for medical malpractice that seeks compensatory damages for the alleged negligence of defendants in the care and treatment rendered to plaintiff, Joyce Kelvey, and her son Benjamin, who was born on January 10, 1982. It is alleged that he suffers from various physical and mental difficulties that, plaintiff claims, relate to his birth and the care she received immediately preceding his birth.

Counsel for plaintiff deposed Coughlin. Later, after the conclusion of the deposition, counsel for plaintiff moved under Rule 37(a) of the Superior Court Rules of Civil Procedure, "Refusal to make discovery—Consequences," to redepose Coughlin. In her motion plaintiff asserted that the first deposition taken was so adversely affected by the improper comments, objections, and instructions made by Coughlin's counsel that they interfered with useful discovery.

Coughlin objected to plaintiff's motion to redepose. He contended that no information was withheld "once counsel's questions were correctly phrased, referenced

---

1. Although there are multiple parties, this petition involves only one defendant, John Coughlin.

documents were clearly marked and terms sufficiently defined."

After a hearing the trial justice entered an order granting the motion to redepose, and she imposed certain conditions such as "directing defendant's counsel to refrain from offering gratuitous comments, directing the deponent by objecting in any manner other than stating an objection and a legal basis for the objection; and to refrain from dialogue on the record during the course of the deposition."

Coughlin then filed his petition for the issuance of a writ of certiorari, and plaintiff then joined him in his petition. Coughlin seeks, and plaintiff welcomes, our review of the trial justice's order for the redeposing of Coughlin.

The principal issue, as stated by Coughlin's counsel, is whether trial justice abused her discretion by ordering Coughlin to submit to a second deposition. We conclude that she did not abuse her discretion.

Before this court Coughlin argues that under Rule 37(a), if a deponent refuses to answer any question propounded on oral examination, it would be appropriate for the proponent to complete the deposition on other matters and apply to the court for an order compelling the answer that had been refused.

■ We have ruled consistently that a trial justice's handling of discovery is accorded broad discretion. *Bashforth v. Zampini*, 576 A.2d 1197, 1201 (R.I.1990); *Greenwald v. Selya & Iannuccillo, Inc.*, 491 A.2d 988, 989 (R.I.1985). To allow or to deny discovery is reviewable only for an abuse of discretion.

By way of supplemental brief and appendixes Coughlin has informed the court that directing of a deponent not to answer a question is a fairly common occurrence involving both plaintiffs' and defendants' counsel. If that is the case, the court welcomes this opportunity to address the matter.

■ The language of Rules 26(b)(1) and 30(c) of the Superior Court Rules of Civil Procedure is so clear and direct that there can be no question about its meaning. The

only instance, we repeat, the *only* instance in which an attorney is justified in instructing a deponent not to answer is when the question calls for information that is privileged.

"Even in cases of a privilege objection, the deponent is permitted to answer questions as to the underlying circumstances, such as to how a report was prepared, the form of the report, who asked for the report, and what was asked. That inquiry is proper, even if the substance of the report is off limits." Seth Gifford, *Caveat Objector*, R.I. Bar J., 27 (June/July 1992) (citing *Bank of America v. Touche Ross & Co.*, 118 F.R.D. 550 (1987)).

Otherwise the objection is stated, and the evidence objected to is taken subject to the objections.

We have said many times that in situations in which our own case law is sparse in the area of civil procedure, we shall consult the precedents in the federal courts since our Superior Court Rules are patterned after the federal rules. *Cabral v. Arruda*, 556 A.2d 47, 49 (R.I.1989) (citing *Smith v. Johns–Manville Corp.*, 489 A.2d 336, 339 (R.I.1985); *Nocera v. Lembo*, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973)).

In Coughlin's brief counsel stated that "once counsel's questions were *properly phrased*, referenced documents were *clearly marked* and terms *sufficiently defined*," the questions were answered. (Emphasis added.) "It is not the prerogative of counsel, but of the court to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examination would be quickly reduced to an exasperating cycle of answerless inquiries and court orders." *Shapiro v. Freeman*, 38 F.R.D. 308, 311 (S.D.N.Y.1965). "The action of * * * counsel in directing [the witness] not to answer the questions posed to him was indefensible and utterly at variance with the discovery provisions of the * * * Rules of Civil Procedure." *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir.1977).

When an attorney instructs a party or a witness not to answer on grounds other

than privilege, the inquiring attorney is then forced to seek a court order. This process leads to substantial expense and significant loss of time. Our Rule 30(c), like the Federal Rule, was specifically designed to obviate such obstruction and the delay and expense.

"The harm caused by being required to take additional depositions of a witness who fails to answer a question based on an improperly asserted objection far exceeds the mere inconvenience of a witness having to answer a question which may not be admissible at the trial of the action. This seems to be the very purpose of the provisions of Rule 30(c)." *W.R. Grace & Co. v. Pullman, Inc.*, 74 F.R.D. 80, 84 (W.D.Okla.1977).

As one Massachusetts practitioner recently expressed it:

"A practical problem arises at the motion level, before the Superior Court judge. The moving party contends that the opposing counsel improperly instructed the witness not to answer. The opposing counsel claims that the questions were improper, and should not have to be answered. The judge's first instinct is to review the questions, and make his or her own decision on whether they were proper questions. At this point, the judge has already missed the boat!

"Unless the party opposing the motion to compel is claiming that the question called for 'privileged' information, the judge should *not* look at the question. When the judge undertakes to examine the propriety of the question, he or she *immediately* renders nugatory the rule's mandate, '[t]he evidence objected to *shall* be taken subject to the objections.'" Ned C. Lofton, *Deposition Witnesses Must Answer Questions*, 21 M.L.W.2043, 2059 (Mar. 8, 1993) (quoting Mass. R.Civ.P. 30(c)).

■ To her credit, the motion calendar justice in this case focused on the issue. Faced with the clear violation of the rule in this case, we conclude that ordering that the deposition be retaken was the minimum sanction the trial justice could have ordered. It was certainly not an abuse of discretion.

Furthermore, the conditions imposed are reasonable. They set out conduct that is appropriate and entirely in keeping with the spirit of the rules. Although the trial justice made particular reference to plaintiff's and defendant's counsel, we have modified the conditions to be more generally applicable. Those conditions are as follows:

1. Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to times, dates, documents, testimony, and the like.

2. Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

3. Counsel shall refrain from directing the deponent not to answer any questions submitted unless the question calls for privileged information.

4. Counsel shall refrain from dialogue on the record during the course of the deposition.

5. If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court in which the case is pending, or the court in which the case will be brought, for an immediate ruling and remedy. Where appropriate, sanctions should be considered.

Nothing in these guidelines contained in the justice's order is burdensome or intrusive or at variance with the Rules.

For these reasons, Coughlin's petition for certiorari is denied, the writ heretofore issued is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.