DECISION
This case is before the court on Plaintiffs motion for sanctions.
On February 24, 1994 counsel for plaintiff served defendant with interrogatories. The interrogatories were numbered 1 through 30 but contained sub parts such as it could reasonably be argued that the number of interrogatories exceeded that which is allowed by Rule 33. Upon receiving the interrogatories, defense counsel of record, Edward L. Gnys, Jr., for the law firm Gunning, LaFazia Gnys, Inc., objected to neither the form nor the substance nor the number of the interrogatories. Nor did Gnys move pursuant to R.C.P. 33 for good cause shown to enlarge the time for responding or for objecting. The time period for responding to the discovery request lapsed on April 5, 1994.
Attorney Gnys was excused from attendance at court by order of the Presiding Justice. The ordered period of excuse from attendance was from March 3, 1994 through June 3, 1994. A review of the record relating to the granting of the motion for excuse from attendance reveals that plaintiff's counsel was not notified of the pendency of the motion for excuse from attendance nor was he notified that such a motion had been granted.
On April 19, 1994, plaintiff's counsel filed a motion to compel Answers to Interrogatories Under R.C.P. 37 (b). On April 20, 1994 Attorney Gnys responded to the motion by filing a blanket objection to the motion. That objection was silent as to any grounds. In accordance with R.C.P. 7 the motion was assigned to the calendar for hearing for April 28, 1994. In making the objection, Attorney Gnys did not inform plaintiff's counsel of the order excusing Gnys from appearing in court on the date of the scheduled hearing. But for the filing of the objection, the motion would have been granted by Rule of Court thereby obviating the need for Plaintiff's counsel to attend a hearing on the motion.
Counsel for plaintiff appeared at the calendar call to press his motion. An associate of Gnys and Gnys' law firm appeared at the calendar call to request a 60 day extension in which to respond to the discovery requests. The associate did not object to the number of interrogatories nor their form nor their substance when he responded to the calendar call with his request for additional time. Nor did the associate request a continuance of the hearing on the grounds that defense counsel of record, Gnys, was excused from court appearances. At the calendar call and upon determining that the objection related to the time in which the interrogatories were to be answered, counsel for plaintiff moved for sanctions.
The motion for sanctions under Rule 37 (a) was heard as a separate matter at the conclusion of the motion calendar. Both plaintiff's counsel and Gnys' associate were given an opportunity to be heard. It was not until mid hearing on the issue of sanctions that Attorney Gnys' unavailability was raised as an issue. Gnys' associate acknowledged that the additional time for responding to the discovery request was needed because of Gnys' vacation schedule and excuse from attendance. The associate also acknowledged that he was uninformed as to how far along the defendant might be in the process of answering the interrogatories. The associate did not know whether the interrogatories had even been forwarded by Gnys or Gnys' law firm to the defendant client. The associate acknowledged that he had not spoken to Attorney Gnys about the matter. The associate was candid in arguing to the court that the manner in which he approached this particular discovery issue is consistent with the discovery practice in the State of Rhode Island Superior Court.
This court's observations are that the associate is correct in his assessment that the facts of this case are typical of the motion calendar practice in the Superior Court. Very often discovery requests are ignored until a motion to compel is filed. The motion to compel is met with a blanket objection which does not identify the grounds for the objection. The party seeking the discovery must, at the very least, attend the calendar call if he or she hopes to obtain the discovery. Negotiations over already forfeited defenses to discovery are joined at the call of the calendar. The moving party acquiesces rather than invest additional time in arguing the motion.[1] Typically the party evading discovery has resurrected the opportunity to take specific objections long since waived or has achieved an extension of time without good cause shown.
Unfortunately, this practice has become so entrenched in this Court's discovery practice that many otherwise responsible attorneys participate in what is a fundamental avoidance of the spirit and language of the Superior Court Rules of Civil Procedure. In fact, Gnys' associate asserted, in arguing against the motion for sanctions, that the request for sanctions was "patently improper" considering this practice is so wide spread and is the "normal" practice for a "majority" of attorneys.
In both Kelvey v. Coughlin, 625 A.2d 775 (1993) and Limogesv. Eats Restaurant, 621 A.2d 188 (1993), this Court and our State Supreme Court addressed practices which have evolved into the routine but which are in derrogation of the Rules of Civil Procedure. In Limoges the court imposed cost allocation over a law firm's routine practice of filing blanket objections to discovery requests. In Kelvey the Supreme Court welcomed the opportunity to address the practice, developed among attorneys defending depositions, in directing a witness not to answer a pending question. The Kelvey court, in upholding a sanctions order, cited case law standing for the proposition that conduct consistent with common practice but at variance with the discovery provisions of the Rules of Civil Procedure is indefensible.
Rule 11 of the Superior Court Rules of Civil Procedure requires that every pleading will be signed by counsel of record. Under the Rule, counsel's signature constitutes a certificate by that attorney that he has read the pleading, that there is good ground to support it and that it is not interposed for delay. In the instant case Attorney Gnys offered no ground to support the objection at the time the objection was made nor did he enlighten his associate as to whatever grounds he might have believed to exist. By filing the objection Gnys caused a hearing to be scheduled during a time period for which he knew he would not be in attendance. The sole reason for the objection, as offered by Gnys' associate appearing on Gnys' behalf, was to delay the time for responding to the discovery request.[2] No litigation strategy, sound or otherwise, was offered in support of the refusal to make discovery, Fremming v. Tansey, 626 A.2d 219
(1993) nor was substantial justification offered at any time for the objection such that reasonable minds could differ as to whether the Defendant should comply with the discovery request, R.C.P. 37 (a), F.R.C.P. 37 (a). Clearly, the purpose for the filing of the written objection as well as the purpose of pressing the objection at the calendar call was to achieve delay.Limoges, R.C.P. 11.
Rule 37 (a) allows this court to award cost allocation as one of a number of sanctions available in compelling discovery,Jackson by Jackson v. Nissan Motor Corp. and U.S.A., 121 Fr 2d 311 (MD Tenn. 1988), Limoges, R.C.P. 37 (a). The decision inJackson contains a overview of the operation of Rule 37, its sub-sections and available sanctions. A finding of bad faith is not a prerequisite to sanctions unless a more extreme sanction such as that of dismissal, is to be imposed, Jackson, supra, Sennv. Surgidev 641 A.2d 1311 (1994). In making a cost allocation the Court must consider any circumstances which would make an award of costs unjust, R.C.P. 37 (a).
The Court finds an award of costs under Rule 37 (a) to be justified under the circumstances. The Court finds there was no substantial justification for the objection such that reasonable minds could differ as to whether the Defendant should comply with the discovery request. The Court finds the professional charges contained in the Affidavit of Attorney's Fees offered by Plaintiff's counsel to be fair and reasonable. Costs are allocated in accordance with Rule 37 (a) against Gunning, LaFazia Gnys, Inc. in favor of the Plaintiff and in the amount of $351.50.
The Court finds that there was no good ground to support the Objection and that the Objection was willfully interposed for delay. The Court finds Mr. Gnys' actions in filing the Objection and permitting the Objection to be argued as it was to be a willful violation of Rule 11 warranting the imposition of sanctions in addition to cost allocation. Attorney Gnys shall pay $750.00 in sanctions to counsel for Plaintiff.
Both costs and sanctions awards shall be paid no later than December 31, 1995. Counsel for plaintiff and counsel for defendant shall provide the court with their sworn affidavits that such costs and sanctions have been paid.
In rendering this decision the court has applied the Rules of Civil Procedure in effect prior to September 15, 1995.
[1] The fee arrangement between counsel and their respective clients often enhances the bargaining power of one or the other of the attorneys. Those operating on a fixed, flat or contingent fee may seek to avoid prolonging the motion regardless of any breach in the Rules of Civil Procedure. Those compensated at an hourly rate have little incentive to compromise in order to save additional hours before the court. With the economic burden shifted the Rules are thus avoided.
This effect is well illustrated by the instant case in which the associate counsel argued in avoidance of plaintiff's costs. The associate argued that most of plaintiff's counsel's time lost was a result of his own press for sanctions and was not incurred in the pursuit of discovery. Had plaintiff's counsel merely negotiated an acceptable extension of time as requested at the calendar call, the associate argued, the plaintiff's time lost would have been mitigated. It is precisely in this fashion that this practice operates.
[2] The instant case exemplifies yet another common and often related litigation practice. Either senior counsel of record or law firm policy will cause a broad or blanket objection to a discovery request to be filed. A junior associate who often is not familiar with the case is sent to argue the objection regardless of its grounds or lack of grounds. The calendar call proceeds much as it did in the instant case, or, worse, the attorney seeking to compel the discovery response must argue the motion. The counsel requiring that the objection be filed has absented himself from the fray and left his junior associate to engage in a misguided effort to make up for the deficiencies in his senior associate's failure to comply with the Rules. While not maliciously intended, the associate's blind and unthinking participation in the calendar call practice seen here works a burden on opposing litigants and the court.