**Donna and Michael MENARD**

v.

**Andrew S. BLAZAR et al.**

**No. 95–4–M.P.**

Supreme Court of Rhode Island.

Jan. 29, 1996.

Arthur P. Lovely, for Plaintiff.

David W. Carroll, Thomas Gidley, Alan Tate, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before a panel of this court for oral argument on January 16, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition for certiorari should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiffs, Donna Menard (Donna) and Michael Menard (collectively the Menards), filed suit in the Superior Court against defendant, Andrew S. Blazar, M.D. (Blazar), Donna's former gynecologist and a number of other defendants for the alleged negligent medical care given to Donna. In August 1994 the Menards' attorney deposed Blazar and questioned him specifically concerning the standard of care applicable to his treatment of Donna. Pursuant to his attorney's advice, Blazar refused to answer the questions on the basis that the information sought by the questions was privileged. The Menards thereafter filed a motion in the Superior Court to compel Blazar's response to the questions. After a hearing, a Superior Court motion justice rejected Blazar's contention that the information sought was privileged and found that Blazar should have answered the questions. The motion justice, however, permitted Blazar to answer the questions in writing and with the advice of his attorney. Moreover, the motion justice ordered the Menards' counsel to seek permission from the court in regard to asking any followup questions after receiving the written response to the questions previously posed at the deposition. In response, the Menards filed the instant petition for certiorari, which was granted by this court on September 7, 1995.

In their petition the Menards assert that the motion justice erred in (1) declining to permit the deposition of Blazar, (2) allowing Blazar to answer the posed questions in writing and with the assistance of his attorney, and (3) requiring them to seek a court order to propound followup questions. Blazar asserts that the answers to the questions posed by their attorney were privileged and therefore justified Blazar's refusal to answer.

■ It is well established that a trial justice has broad discretion in matters relating to discovery. *Kelvey v. Coughlin*, 625 A.2d 775, 776 (R.I.1993); *Bashforth v. Zampini*, 576 A.2d 1197, 1201 (R.I.1990); *Greenwald v. Selya & Iannuccillo, Inc.*, 491 A.2d 988, 989 (R.I.1985). "To allow or to deny discovery is reviewable only for an abuse of discretion." *Kelvey*, 625 A.2d at 776.

■ The language of Rules 26(b)(1) and 30(c) of the Superior Court Rules of Civil

Procedure clearly delineate that the only instance in which an attorney is justified in instructing a deponent not to answer a specific question is when the question calls for information that is privileged. *Kelvey*, 625 A.2d at 776. "Otherwise the objection is stated, and the evidence objected to is taken subject to the objections." *Id.*

In the instant case the motion justice specifically found that no privilege existed. We find support for the motion justice's determination in *Wilkinson v. Vesey*, 110 R.I. 606, 295 A.2d 676 (1972). In *Wilkinson* this court indicated that in a medical-malpractice action, "[t]he requisite standard of care may be adduced by invoking [the] adverse witness statute." *Id.* at 614, 295 A.2d at 682. We are of the opinion that the motion justice's determination that no privilege existed was proper.

However, we are of the opinion that the motion justice abused his discretion in ordering, sua sponte, that Blazar submit his response to the questions in writing with the advice of his attorney and further ordering that the Menards seek a court order in regard to posing any followup questions to Blazar. Having determined that no privilege existed, such conditions were an improper intrusion on the Menards' right to depose Blazar. The format adopted by the motion justice unfairly restricted the Menards' attorney's ability to fully depose Blazar in circumstances in which he would be unassisted by defense counsel. Therefore, we quash the motion justice's order and order that the deposition be continued. Blazar shall be instructed to respond at the deposition to the questions posed by the Menards' counsel regarding the standard of care employed in the treatment of Donna, including all reasonable followup questions.

For these reasons the petition for certiorari is granted. The Superior Court order is quashed and the papers of the case are remanded to the Superior Court.

WEISBERGER, C.J., and SHEA, J., not participating.