Herbert IRVINE

v.

The INN AT CASTLE HILL, INC. et al.

No. 95–382–M.P.

Supreme Court of Rhode Island.

Feb. 1, 1996.

Neil P. Philbin, Cranston.

Paul Callaghan, David Maglio, Kenneth P. Borden, Providence.

## ORDER

This matter came before a panel of this court on January 16, 1996 pursuant to an order directing the parties to appear and show cause why the issues raised in the petition for certiorari should not be summarily decided.

After considering the memoranda submitted by counsel and after hearing arguments of counsel, we are of the opinion that cause has not been shown and the issues raised in the defendant's petition for certiorari will be summarily decided.

Herbert Irvine is the plaintiff in a negligence action pending in the Superior Court. In that action, he alleges that on July 26, 1992 he was a patron at the Inn at Castle Hill and while there, was standing on an outdoor deck, which settled, causing him to fall and sustain injuries. He sued the Inn and its agents and employees. His counsel, in an attempt to discover facts relevant to the claim, scheduled depositions of the Inn's manager and maintenance manager. At each of those depositions, plaintiff's counsel attempted to ask questions concerning what each had previously given as facts known to them concerning the deck settling and fall incident to an investigator sent out by the Inn's insurer. The questions did not concern what the investigator said, only what each witness personally knew of and recounted to the investigator. Defense counsel objected and instructed each witness not to answer the questions posed by plaintiff's counsel. It appears from the transcripts that defense counsel believed that simply because the defendant's insurer sent out its investigator to question the two witnesses, shortly after plaintiff's fall, that anything known by the witnesses concerning the incident and related by them to the investigator became privileged information and was transformed into defense counsel's work product. On the facts in this case, that has never been the rule or the law in this jurisdiction. *Kelvey v. Coughlin,* 625 A.2d 775 (R.I.1993) sets out clearly what our deposition discovery Rule 26 (Super.R.Civ.P.) permits and does not permit. Defense counsel misreads *Kelvey.*

Witnesses in our state courts do not become the exclusive property of whatever litigant first contacts and interviews them. The search for facts and truth in pretrial discovery proceedings cannot be monopolized by landing first on a witness and planting the flag of discovery and dominion on his or her head.

In this case, a Superior Court motion calendar justice has correctly concluded that the objections raised by defense counsel at the deposition proceedings were without merit. That justice has ordered the reconvening of the depositions. We find no fault in that determination and find no abuse of discretion in his order.

We affirm the Superior Court motion calendar justice's decision; the writ of certiorari previously granted is quashed, and the papers in this case are remanded to the Superior Court for further proceedings therein.

WEISBERGER, C.J., did not participate.