[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before the Court is the motion of NL Industries, Inc. seeking a protective order so as to preclude Plaintiff from taking a RCP 30(b)(6) deposition with respect to a certain web site, so called, maintained by the Defendants, or some of them.[1] The web site easily is accessible to anyone with access to the World Wide Web and may be accessed at WWW.LEADLAWSUITS.COM. On the first page of the site the heading is "Lead Pigment Litigation". Essentially the content of the web site in the iteration attached to the moving papers shows that the multi-page site deals with the Defendants' side and view of a substantial number of law suits including the case at bar where the Defendants, or some of them, have been sued in connection with harms and/or injuries allegedly arising out of their manufacturing and sales of lead pigment.
Defendant, NL urges the Court to preclude Plaintiff's deposition notice on several bases. First it tells the Court that the web site was established at the suggestion of NL's counsel in consultation with media counsel as a means of expressing NL's and the other Defendants' views on the merits of the litigation, and further explains why those Defendants believe the litigation is unwarranted. Defendants then suggest that the 30(b)(6) deposition notice, coupled with the materials sought by subpoena, constitute an attempt by Plaintiff here (the State of Rhode Island) to chill Defendant's exercise of its First Amendment rights. Defendants argue that the web site clearly is not commercial speech and, indeed, is entitled as a matter of law, to a greater degree of protection than would be commercial speech. Defendants also assert that no legitimate litigation purpose is served by the notice and subpoena. Defendant's counsel argues that Defendant, through him, has responded to contention interrogatories, and will further respond if additional interrogatories are served. Accordingly, he suggests that no proper purpose would flow from a 30(b)(6) deposition. Finally, Defendant's counsel also claims that the attorney/client privilege precludes the deposition and that much of the materials sought would constitute attorney work product.
Of course, as is to be expected, Plaintiff's counsel disagrees with all of the positions espoused by Defendants. She correctly tells the Court while there may properly be objections raised to the specific questions, or to providing certain documents, it is rare indeed for this Court to preclude, as here requested, an entire 30(b)(6) deposition. This Court notes that there is no inherent priority among the various discovery devices available under our Rules, and that Plaintiff is free to utilize 30(b)(6) for the purposes here sought.
Of course, to the extent that proper claims of privilege, work product, or constitutional protection may be asserted during a deposition to specific questions or to the production of particular documents, the Rules of Civil Procedure and the decisional law of this jurisdiction, (See Kelvey v. Coughlin, 625 A.2d 775 (R.I. 1993)), control and provide a method for testing any such assertions.
This Court notes that it does not believe that proper inquiries directed at information disseminated to the world at large by the Defendants on WWW.LEADLAWSUITS.COM, or internally by Atlantic Richfield in response to press inquires constitutes an attempt by Plaintiff to chill the free exercise of Defendants First Amendment rights.
Order to enter.
[1] The Court also notes that Atlantic Richfield Company has filed aMotion Requesting Deferral of the Court's Decision to Require Product ofInternal Briefing Concerning Response to Press Inquiries where it essentially joins in NL's claim of a chilling effect on 1st Amendment Rights. This decision is applicable not only to NL's motion, but also to Atlantic Richfield's on that issue.