**Sandra CUNNINGHAM et al.**

v.

**Mark E. HEARD et al.**

**No. 95–195–Appeal.**

Supreme Court of Rhode Island.

Dec. 14, 1995.

Stephen E. Breggia, Providence, for Plaintiff.

James E. Kelleher, Warwick, Richard Patz/John Coughlin, Providence, for Defendant.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on November 2, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition should not be summarily decided. In this case the plaintiffs, Sandra and Daniel Cunningham, filed a petition for the issuance of a writ of certiorari to review an order of the trial justice denying their motion to compel. This court granted the petition for writ

of certiorari and assigned the matter to the show-cause calendar.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this petition will be decided at this time.

This action arose out of a motor-vehicle accident involving a Rhode Island Public Transit Authority (RIPTA) bus, a commercial transport tractor, and two motor vehicles. As a result of the collision, Sandra Cunningham suffered serious injuries.

On February 2, 1995, plaintiffs' counsel deposed Arthur Sears (Sears), the driver of the RIPTA bus. At the deposition he presented a sketch to Sears depicting the curb lines at the intersection where the accident had occurred. The sketch had been prepared by an investigator on behalf of code-fendant, Mark E. Heard. Sears was then asked to draw on the sketch the position of the bus that he was operating at the time he first "pulled over to the curb." Defense counsel instructed Sears not to comply with this request. Specifically defense counsel stated:

> "Firstly, I don't know who drew the diagram. I don't know if they are an engineer, I don't know if it's measured or freehand; that's objection number one. Objection number two, much more importantly, is my client is here compelled under the Rules of Civil Procedure to provide oral testimony at an oral deposition from memory and from personal knowledge and words. As I read the Rules of Civil Procedure, he is in no way required to provide artistic testimony. Beyond that, I certainly can't vouch for his artistic ability, especially given the fact that he's got at least one injured hand; and for all of those reasons, most importantly the fact that the rules don't require anything other than words, then I'm going to respectfully request that he not do so."

Defense counsel also objected to opposing counsel's alternative request that the deponent draw a diagram of the accident scene and the positioning of the vehicles freehand "on a plain piece of paper." At this point the deposition was adjourned and plaintiffs filed a motion to compel testimony pursuant to Rule 37 of the Superior Court Rules of Civil Procedure. Following a hearing on the matter, plaintiffs' motion to compel was denied. Subsequently, plaintiffs filed a timely petition for the issuance of a writ of certiorari to this court.

The issue before the court is whether Rhode Island's rules of discovery empower the interrogating party at a deposition to request diagrammatic testimony of a deponent. It is our opinion that they do.

■ The scope of discovery is very broad. Rule 26(b)(1) of the Superior Court Rules of Civil Procedure provides in pertinent part:

> "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

We have held in *Kelvey v. Coughlin*, 625 A.2d 775, 776 (R.I.1993), that counsel may not instruct a witness at a deposition not to answer unless the answer calls for information that is privileged. Defense counsel concedes that there is no general privilege protecting diagrammatic testimony. "Examination and cross-examination of deponents may proceed as permitted at the trial of actions in open court." Super.R.Civ.P. 26(c). We find no basis for refusing a request for diagrammatic testimony during a deposition contained in Rule 30 of the Superior Court Rules of Civil Procedure. On the contrary, such a practice is well established and is a logical adjunct to the taking of evidence.

■ "The general rule permitting counsel on either direct or cross-examination to introduce the testimony of a witness as to physical conditions, locations, or directions by having him make a drawing to describe them diagramatically is so thoroughly established in practice as to be unquestionable." Annotation, *Evidence: Use and Admissibility of Maps, Plats, and Other Drawings to*

*Illustrate or Express Testimony,* 9 A.L.R.2d § 3 at 1048 (1950); *see State v. Carillo,* 122 R.I. 392, 404–05, 407 A.2d 491, 498 (1979); *State v. Sangermano,* 111 R.I. 196, 202–03, 301 A.2d 80, 83–84 (1973); *State v. Greene,* 74 R.I. 437, 443–44, 60 A.2d 711, 715 (1948); *Segee v. Cowan,* 66 R.I. 445, 451, 20 A.2d 270, 273 (1941); *see also* McCormick, *Evidence* § 213 at 528 (2d ed. 1972). "This type of evidence may rightly be called testimonial evidence." 9 A.L.R.2d § 1 at 1046. "[D]iagrams used merely to illustrate testimony of witnesses are not subject to as strict proof of accuracy as those offered as independent evidence." 29A Am.Jur.2d. *Evidence* § 990 at 442 (1994).

Rule 26(d)(3) provides for the use of a deposition transcript when the deponent is unavailable for trial. If a deponent is allowed to refuse to testify fully during a deposition, the opposing party would be deprived of making such a request at trial unless the witness's presence is procured. Furthermore, with the increasing use of videotaped deposition testimony in lieu of a witness's appearance at trial, comprehensive questioning and answering is of critical importance.

We are not persuaded by the argument that such a practice could easily be abused. The rules provide ample protection for any abuses in the taking of a deposition. Rule 30 subsections (b) and (d) provide a mechanism for the issuance of a protective order for "good cause shown." This portion of the rule lists numerous instances in which protection by the court against potential abuses would be justified, including "any other order which justice requires to protect the party or witness from annoyance, undue expense, embarrassment, or oppression." Super.R.Civ.P. 30(b)(1). Subsection (d) of Rule 30 provides further protection for the deponent from harassment and misconduct, in contrast to subsection (b)'s protections in respect to relevancy or privilege.

■ Finally and more importantly, counsel is present to protect his or her client and the record and can object. It is clear however that "[i]t is not the prerogative of counsel, but of the court to rule on objections." *Kelvey,* 625 A.2d at 776 (quoting *Shapiro v. Freeman,* 38 F.R.D. 308, 311 (S.D.N.Y.1965)). We had intended to make it clear in *Kelvey* that counsel may not act as a justice. "Evidence objected to shall be taken subject to the objections." Super.R.Civ.P. 30(c). Counsel may preserve his or her objection by objecting on the record. Thereafter, a justice will rule on the propriety of the question.

For all these reasons the petition for certiorari is granted. The order of the motion-calendar justice is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.

The court specifically orders that if this deposition is rescheduled, it will be conducted at the cost of counsel for the deponent, including a reasonable attorney's fee.

WEISBERGER, C.J., and MURRAY, LEDERBERG, BOURCIER and SHEA, JJ., concur.