DECISION
Before this Court are the Plaintiffs' discovery motions to compel answers to interrogatories, and for sanctions and the appointment of a special master for the improper conduct of defense counsel at deposition. Defendants object to these motions. For the reasons stated below, it is hereby ordered that Defendants answer the interrogatories within ten days, and that any and all further deposition testimony be taken here in Courtroom 10 or such other room within this courthouse as this Court directs. Jurisdiction is pursuant to Super. R. Civ. P. 26(c) and 37. Additionally, Defendants have filed a motion for entry of a scheduling order for disclosure of experts which motion is hereby denied without prejudice as same is premature at this time.
 FACTS
In July of 1998, 13 year old Joel Coutu, Jr. was struck in the neck by a chain while he was riding his bike. Conscious after the accident, he sought help and was taken to Hasbro Hospital, where he was treated in the emergency room by two of the Defendants, Doctors Tracy and Breuer. At some point a decision was made to sedate Joel Jr. with a drug called Propofol, a drug not recommended for use in children. Within three days of receiving the drug, Joel Jr. died of rhabdomyolysis, a condition associated with the use of Propofol as a sedative for children.
Subsequently, the Plaintiffs, Annette M. Coutu and Joel L. Coutu, Sr., Joel Jr.'s parents, filed this medical malpractice case in 2000 against the attending physicians, the hospital, and the pharmaceutical manufacturer of Propofol. Through discovery, Plaintiffs learned that the manufacturer had sent out a letter warning of the dangers, including death, of Propofol if used as a sedative in children. Plaintiffs sought information from Defendants relative to the receipt and knowledge of this letter and its contents. On August 26, 2004, Plaintiffs motioned for assignment to a single justice to monitor the balance of a discovery process that had already been marred by numerous disputes and requests for court intervention. Said motion was not challenged. Assignment was made to this Court on September 14, 2004, and a hearing was held on October 12, 2004.
 MOTION TO COMPEL ANSWERS TO INTERROGATORIES
Plaintiffs first move to compel Defendants to answer five interrogatories, claiming that Defendants' objections are frivolous and that the interrogatories interposed are reasonably calculated to lead to admissible evidence. Defendants assert that the interrogatories are overly broad and amount to a fishing expedition by the Plaintiffs.
Rule 37 (a) provides in pertinent part:
 "If a party fails to answer an interrogatory . . . the discovering party may move for an order compelling an answer. . . . For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer. . . . . If the motion is granted . . . the court may, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's objection was substantially justified." Super. R. Civ. P. 37(a).
Additionally, Rule 26(f) provides in pertinent part:
 "The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information and belief, . . . the request, response, or objection is: (1) Consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) Not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) Not unreasonable or unduly burdensome or expensive given the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. . . . . If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, may impose upon the person who made the certification, the party on whose behalf the disclosure, request, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Super. R. Civ. P. 26(f).
A Superior Court justice has broad discretion in granting or denying discovery motions. Corvese v. Medco ContainmentServices, Inc., 687 A.2d 880, 881 (R.I. 1997). On appeal, such decisions will only be disturbed upon a showing of abuse of discretion. Goulet v. OfficeMax, Inc. 843 A.2d 494, 496 (R.I. 2004); Colvin v. Lekas, M.D., 731 A.2d 718 (R.I. 1999); Sennv. Surgidev Corp., 641 A.2d 1311, 1320 (R.I. 1994). "If a [discovery request] is proper and a party interposes an objection that is not well grounded, such conduct is, of course, sanctionable under either Rule 26(F) or Rule 37(a). D'Amario v.State, 686 A.2d 82, 86 (R.I. 1996).
In the instant case, Plaintiffs have filed a motion to compel more responsive answers and a motion for sanctions pursuant to Rules 26(f) and 37(a) based on Defendant's objections to five interrogatories. This is a second motion to compel based on anew set of interrogatories interposed after the motion justice's order to produce the most knowledgeable person for deposition. The first four of these interrogatories seek information relative to persons or committees at Rhode Island Hospital that had whole or partial responsibility for decisions regarding pharmaceuticals, or whole or partial responsibility for receiving and disseminating warnings between August 19, 1992 and July 22, 1998. Defendant's main objection to each of these is that the questions are "overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence." After review, this Court finds that Defendants' objections are not "substantially justified" as required by Rule 37 because the answers to these questions may lead to relevant, admissible evidence about who knew what/when at the hospital regarding the use of the sedative Propofol. Therefore, while this Court refrains from imposing sanctions at this time, it hereby orders that the Defendants furnish the requested material within ten days of this Decision.
Plaintiffs' fifth interrogatory seeks to unearth the existence of "any documents or other items of any nature or description, including but not limited to the minutes of meetings, which contain the contents of any discussions, actions or activities of any persons, committees, groups, boards or other parties or entities identified in response to interrogatory No. 1." To this, Defendant asserts an additional objection based on privilege pursuant to the Rhode Island Peer Review Statute.
Peer review boards are afforded some privilege from discovery. Rhode Island General Laws § 23-17-25 provides:
 "Privileges and immunities for peer review activities (a) Neither the proceedings nor the records of peer review boards as defined in § 5-37-1 shall be subject to discovery or be admissible in evidence in any case save litigation arising out of the imposition of sanctions upon a physician. . . . . Nothing contained herein shall apply to records made in the regular course of business by a hospital or other provider of health care information. Documents or records otherwise available from original sources are not to be construed as immune from discovery or used in any civil proceedings merely because they were presented during the proceedings of the committee."
The policy behind the statute is to encourage "open discussions and candid self analysis . . . to ensure that medical care of high quality will be available to the public." Moretti v. Lowe,M.D., 592 A.2d 855, 857 (R.I. 1991). In conformance with this policy, the Rhode Island Supreme Court has held that after it is determined that a committee qualifies as a "peer review board" as defined in § 5-37-1,[1] said committee's proceedings and records are immune from discovery and inadmissible into evidence in any civil case, except in an action involving imposition of sanctions upon a physician. Cofone v. The Westerly Hospital,504 A.2d 998, 1000 (R.I. 1986). However, hospital business records and documents originating from sources other than a peer review board are not protected from discovery. Id. Futhermore, the privilege "must not be used as a shield to obstruct proper discovery of relevant information generated outside peer review committee meetings." Moretti, 592 A.2d at 858. Additionally, the privilege does not extend to the identity of persons who might serve on or give information to peer review committees.Id.
Defendants correctly assert the privilege insofar as Plaintiffs seek the minutes and the discussions of any peer review board meetings. However, the identity of the members and documents brought before any committee qualified as a peer review board, if generated elsewhere, are not privileged. Furthermore, the minutes and recorded discussions of committees and persons not qualified as peer review boards are not privileged. Therefore, Defendants are hereby ordered to answer interrogatory Number five within 10 days and to include all documents, save for those actually created in a peer review board meeting.
 MONITORING MECHANISM FOR REMAINING DEPOSITIONS
Plaintiffs next contend that Defense counsel's conduct at the deposition of Dr. Philip Johnson violated the rules of discovery and thereby move for sanctions and seek appointment of a special master. Defendants object on the grounds that Plaintiffs' motion is inaccurate and mischaracterizes the deposition events. This Court has reviewed the deposition transcript and finds that defense counsel's conduct skirted the outer boundaries of protocol.
In the seminal case of Kelvey v. Coughlin, the Rhode Island Supreme Court set out the "generally applicable" conditions required to be met at a deposition:
 1. "Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regards to times, dates, documents, testimony, and the like.
 2. Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.
 3. Counsel shall refrain from directing the deponent not to answer any questions submitted unless the question calls for privileged information.
 4. Counsel shall refrain from dialogue on the record during the course of the deposition.
 5. If counsel for any party or person given notice of the deposition believes these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court in which the case is pending, or the court in which the case will be brought, for an immediate ruling and remedy. Where appropriate sanctions should be considered." 625 A.2d 775, 777
(R.I. 1993).
Construing the language of the Superior Court Rules of Civil Procedure relative to depositions, the court emphatically held that the "only instance in which an attorney is justified in instructing a deponent not to answer is when the question calls for information that is privileged." Id. at 776.
Subsequently, the Rhode Island Supreme Court has explained that the Kelvey conditions proscribe counsel from acting as a justice in determining the propriety of questions. Cunningham v.Heard, 667 A.2d 537, 539 (R.I. 1995). Rather, counsel protects his or her client by objecting on the record. Id. Evidence should then be taken subject to counsel's objections and a justice's subsequent ruling thereon. Id.
Furthermore, Rule 26(c) expressly provides:
 "Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place."
In the instant case, the deposition transcript is replete with instances of Kelvey violations, including objections with instructions not to answer, dialogue of counsel on the record, and gratuitous comments. Plaintiff's motion is filed pursuant to Rule 26(f), which allows for "appropriate sanctions." Rule 26(c), which rule is directed at the deposing attorney, is instructive on the types of sanctions contemplated by the rules. Therefore, pursuant to Rule 26(c) and (f), this Court may make "any order which justice requires," including an order specifying the terms of subsequent depositions.
Plaintiff's Motion for Sanctions includes a specific request for appointment of a special master, at defendants' expense, to preside over the remaining depositions. To this, the Defendants object. Rule 53 allows for the appointment of a special master in an appropriate case. Super. R. Civ. P. Rule 53 (2004). Yet, where there is no agreement between the parties as to the need for such, appointment of a master shall "be the exception and not the rule." Super. R. Civ. P. Rule 53(b)(2) (2004). The rule restricts reference of a case to a special master to cases in which, if the matter is to be tried by a jury, an investigation of accounts is required or the issues are complicated, and, if the matter is to be tried without a jury, the matter is "of account and of difficult computation of damages" or "upon a showing that some exceptional condition requires it." Id.
This litigation does not require an examination of accounts, and Plaintiffs' counsel makes no argument that the issues are overly complicated. He merely cites to the Defense Counsel's "obstructionist behavior" as reason for his request. Unless other sanctions or orders are ineffective, such an appointment at this time would be contrary to the plain language of Rule 53.
Therefore, this Court finds that the circumstances do not warrant the appointment of a special master. However, in accordance with Rule 26(f), it is hereby ordered that any and all future depositions shall be held in Courtroom 10 or such other room within this courthouse as this Court shall direct so that this Court can more easily monitor any discovery disputes that arise.
 CONCLUSION
The Plaintiffs' motion to compel answers to interrogatories is granted, and Defendants are ordered to file responses within ten days. Plaintiffs' motion for sanctions and appointment of a special master to oversee future depositions is denied. Any and all future depositions will be conducted in Courtroom 10 or such other room in this courthouse as this Court directs.
[1] "Peer review board" is defined by § 5-37-1 (10)(a):
 "any committee of a state or local professional association or society including a hospital association, or a committee of any licensed healthcare facility, or the medical staff thereof, or any committee of a medical care foundation or health maintenance organization, or any committee of a professional service corporation or nonprofit corporation employing 20 or more practicing professionals, organized for the purpose of furnishing medical service, or any staff committee or consultant of a hospital service or medical service corporation, the function of which, or one of the functions of which is to evaluate and improve the quality of healthcare rendered by providers of health care service or to determine that healthcare services rendered were professionally indicated or were performed in compliance with the applicable standard of care or that the cost of health care rendered was considered reasonable by the providers of professional health care services in the area and shall include a committee functioning as a utilization review committee under the provisions of 42 U.S.C. § 1395 et seq. (medicare law) or as a professional standards review council under the provisions of 42 U.S.C. § 1301 et seq. (professional standards review organizations) or a similar committee or a committee of similar purpose, to evaluate or review the diagnosis or treatment of the performance or rendition of medical or hospital services which are performed under public medical programs of either state or federal design."