J-S25029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVON THOMAS CLARK | : | |
| | : | |
| Appellant | : | No. 1907 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 19, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000563-2017

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 30, 2020**

Appellant, Davon Thomas Clark, appeals from the Judgment of Sentence ("Revocation Sentence") of one to two years of incarceration, imposed September 19, 2010, after the lower court revoked Appellant's state-supervised probation for ongoing technical violations.  Appellant challenges the discretionary aspects of this Revocation Sentence.  Upon careful review, we affirm.

In September 2017, Appellant agreed to plead guilty to Robbery, Terroristic Threats, and related crimes, in exchange for an aggregate sentence of one to two years of incarceration, followed by one year of probation.  In

addition, the Commonwealth agreed to *nolle prosse* additional charges against Appellant.[1]  Appellant did not appeal from this Judgment of Sentence.

In September 2019, the lower court ("Revocation Court") commenced a hearing to determine whether Appellant had violated the terms of his probation.  In lieu of testimony, Appellant and the Commonwealth stipulated to a report compiled by the Pennsylvania Board of Probation and Parole ("BPP").  N.T. Revocation Hearing, 9/19/19, at 3-7 (stipulating to a three-page "Supervision History" report).[2]

This report documented that, following his release from incarceration, beginning as early as June 2018, Appellant repeatedly violated the terms of

_____

[1] Appellant pleaded guilty to Robbery – Inflicts or Threatens Immediate Bodily Injury, Terroristic Threats, Simple Assault, Theft from a Motor Vehicle, Theft by Unlawful Taking, and Criminal Trespass.  18 Pa.C.S. §§ 3701(a)(1)(iv), 2706(a)(1), 2701(a)(3), 3934(a), 3921(a), 3503(b)(1)(i), respectively.  The Commonwealth *nolle prossed* Robbery – Threatens Immediate Serious Injury and two counts of Harassment.  18 Pa.C.S. §§ 3701(a)(1)(ii), 2709(a)(1), respectively.

[2] On April 1, 2020, Appellant filed an Application to Strike the Commonwealth's Brief, asserting that it contained an exhibit never admitted into evidence before the Revocation Court.  The exhibit consists of documents compiled by the Pennsylvania BPP relevant to Appellant case, including the "Supervision History" report to which Appellant stipulated.  It is settled that a stipulation is binding on the parties and the court.  ***See Commonwealth v. Mitchell***, 902 A.2d 430, 460 (Pa. 2006).  In this case, Appellant expressly opted to forego actual testimony at the revocation hearing in exchange for stipulating to the accuracy of the Supervision History.  ***See*** N.T. Revocation Hearing at 7.  The Revocation Court considered this evidence in reaching its decision.  ***Id.***  Under these circumstances, we deem the Supervision History part of the record.  To the extent the Commonwealth's exhibit includes additional information, we have not considered this information on appeal.  For these reasons, we will deny Appellant's Application.

his probation, which required that he (1) maintain treatment for his substance abuse, (2) refrain from assaultive behavior, and (3) refrain from alcoholic beverages and non-prescribed controlled substances. *See* N.T. Revocation Hearing at 8-11 (referencing several violent incidents, positive drug tests and admitted narcotics use, and repeated failures to comply with "directives to get treatment").

Appellant conceded these violations and acknowledged that he needed help with his addiction. *See* N.T. Revocation Hearing at 5, 7, 21-22. Through counsel, Appellant offered to commence drug treatment in exchange for no further incarceration. *See id.* at 13-14, 16-17. However, after considering Appellant's Supervision History and the arguments of counsel, the court concluded that without total confinement, Appellant was likely to commit another crime. *Id.* at 22-23. The court, therefore, revoked Appellant's probation and imposed an aggregate sentence of one to two years of incarceration in a state correctional facility.[3]

Appellant timely filed a Post-Sentence Motion, asking the Revocation Court to reconsider its sentence.[4] In his Post-Sentence Motion, noting that he had committed only technical violations of his state probation, Appellant

---

[3] The Revocation Sentence consisted of two, concurrent terms of one to two years of incarceration, relevant to his prior convictions for Robbery and Terroristic Threats. *See* N.T. Revocation Hearing at 23-25. Appellant was no longer under supervision for his other crimes at this docket. *See* N.T. Preliminary Hearing, 9/11/19, at 3.

[4] The court expressly granted reconsideration. Revocation Ct. Order, 10/17/19.

asserted that the revocation sentence imposed by the lower court was excessive because Appellant was "agreeable to receiving treatment for his substance abuse issues" as an alternative to state incarceration. Post-Sentence Motion, 9/25/19, at 5 ¶ 24. Following further review, the Revocation Court issued an Opinion denying Appellant's Motion.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. In response, the Revocation Court referenced its October 29, 2019 Opinion and Order.

Appellant raises the following issue on appeal:

> [Whether] the [revocation] court abused[d] its discretion by sentencing [Appellant] to a [one- to two-year] sentence at a [s]tate [c]orrectional [i]nstitution with the only alleged violations being technical violations and when such a sentence was contrary to [Appellant's] individual circumstances and rehabilitative needs and less excessive options than a [s]tate prison sentence were available[.]

Appellant's Br. at 6.

Appellant's claim challenges the discretionary aspects of his sentence. A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance

of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). **Id.**; **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. Further, Appellant sufficiently preserved his claim in a Post-Sentence Motion asserting that his sentence was excessive. Within his brief, Appellant has included a statement pursuant to Rule 2119(f), asserting that his claim raises a substantial question because the Revocation Court imposed a sentence of total confinement for merely technical violations of his probation. **See** Appellant's Br. at 16-17.

Whether an appellant has raised a substantial question is determined on a case-by-case basis. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." **Id.** (citation and quotation omitted).

"The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'" **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted); **see Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000) (recognizing a substantial question where imposition of revocation

sentence exceeded original sentence following technical violations of probation). Here, the Revocation Court sentenced Appellant to incarceration due solely to technical violations of his probation. Thus, Appellant has raised a substantial question, and we shall review the merits of his claim.[5]

Appellant's over-arching contention is that he needs treatment in a local, outpatient setting, rather than incarceration in a state institution. **See generally** Appellant's Br. at 22-38. Appellant concedes that "he had made some missteps, [but] he was at least putting forth [an] effort to try and reform and acknowledge[d] the issues that were presenting obstacles." **Id.** at 24. Prior to imposing a state sentence, Appellant asserts that the court should have offered him "an opportunity to see if the structure and treatment that were available on the local level were sufficient to help his substance abuse issues[.]" **Id.** at 27. In depriving Appellant of this opportunity, Appellant concludes, the court failed to consider his "individual circumstances and rehabilitative and treatment needs." **Id.** at 38.[6]

---

[5] Appellant also asserts that he has raised a substantial question because the Revocation Court failed to consider adequately mitigating factors specific to Appellant. **See** Appellant's Br. at 17-19. This does not constitute a substantial question. **See Commonwealth v. Griffin**, 804 A.2d 1, 9 (Pa. Super. 2002) (citing **Commonwealth v. Williams**, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (declining to recognize a substantial question because an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)).

[6] Appellant's further assertion, that his situation did not demonstrate that he was likely to commit additional crimes, is not persuasive. **See** Appellant's Br.

"Sentencing is a matter vested in the sound discretion of the sentencing judge," and we shall not disturb a sentence absent an abuse of that discretion. *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). "An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Moury*, 992 A.2d at 169-70 (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

"[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citation omitted). Nevertheless, a sentence of total confinement is appropriate only if: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

The court must state on the record its reasons for imposing sentence. 42 Pa.C.S. § 9721(b). However, "a lengthy discourse on the trial court's sentencing philosophy is not required." *Commonwealth v. McAfee*, 849

---

at 29. Appellant stipulated that he had repeatedly engaged in assaultive behavior and continued to use illegal and/or prescription drugs without a prescription. N.T. Revocation History at 7. Although Appellant did not incur new charges, this conduct constitutes potentially criminal behavior.

A.2d 270, 275 (Pa. Super. 2004) (citation omitted). "Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (citation omitted).

Following our review of the Revocation Court's reasons for the sentence imposed, we discern no abuse of the court's discretion in sentencing Appellant as it did. Of particular concern to the court was Appellant's need for drug treatment. N.T. Revocation Hearing at 25 (concluding that a "state correctional facility will be in a better position to offer [Appellant] the programming and the help that he needs" and encouraging Appellant to participate in the programming). We note also that the court clearly considered progress Appellant made in achieving some stability in his day-to-day life. ***Id.*** (referencing Appellant's employment history, housing, and desire to attend school, the court stated, "I hope you remember the things you said to me and remember the positive changes [you have made]").

In denying Appellant's Post-Sentence Motion, the Revocation Court further explained its reasoning:

> The [c]ourt finds that [Appellant's] argument [that the court failed to consider his need and request for drug treatment] is opportunistic, as [Appellant] has repeatedly ignored instructions to seek drug and alcohol treatment, and has tested positive for drugs during his probation; however, now that [Appellant] is faced with imprisonment for his [probation] violations, he has a renewed vigor in seeking treatment. [Appellant] had the opportunity to comply with the terms of his probation and seek treatment, but chose not to do so. As a result of his actions, [Appellant] has now lost the opportunity to seek treatment on his own terms, and it is

the hope of this [c]ourt that [Appellant] will be able to receive the treatment he needs in an appropriate setting.

Revocation Ct. Op. and Order, 10/29/19, at 2-3 (unpaginated) (further noting that Appellant would not have access to controlled substances during state incarceration).

The record reflects that the Revocation Court considered progress Appellant had made but remained concerned that his repeated refusal to take advantage of local treatment options available to him while on probation had undermined this progress and ultimately posed a risk that Appellant would commit additional crimes. Moreover, the court explained that the programming available in a state facility offered Appellant a better opportunity for rehabilitation and more effectively eliminated his access to controlled substances.

For these reasons, we deem unpersuasive Appellant's contention that the court failed to consider his individual rehabilitative needs, thus abusing its discretion. Further, we note that the record does not support any claim that Appellant's sentence is the result of prejudice, bias, or ill-will. To the contrary, the record confirms that the court was most concerned with Appellant's rehabilitative needs and encouraged Appellant to build upon the progress that he had begun to make. Under these circumstances, we discern no abuse of the court's sentencing discretion.

Application to Strike denied. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/30/2020